Gerald C. Bryant (State Bar No. 107043)
GeraldCBryantEsq@aol.com
9903 Santa Monica Blvd. #1007
Beverly Hills, 90212
Telephone: (310) 301-2728
Fax: (310) 388-3126

Attorney for the Plaintiff
Gerald C. Bryant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD C. BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>VAN WALLER, an individual; RON BURRIS, an individual; ANDRE ADKINS, an individual; JERRY FESTEJO, an individual; MICHAEL MCCOY, an individual; EDDIE WROTEN, an individual; and DOES 1-10, Inclusive,<br><br>Defendants. | No.<br><br><br><br><br>**COMPLAINT FOR: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

Plaintiff Gerald C. Bryant ("Bryant") alleges as follows:

## NATURE OF THE ACTION

1. This case is an action for Trademark Infringement concerning the Trademark POCKETWATCH (the "Mark"), as used by Bryant's performing musical group. Bryant is the registered trademark owner of the Mark (United States Patent and Trademark Office Registration No. 4,488,285), see Exhibit A. Bryant first used the Mark on or around July 1, 1984 as the name of Bryant's jazz band (PocketWatch) and has performed numerous concerts under this name. Bryant is the leader and has exclusive control of the musical group PocketWatch. Bryant has used the Mark continuously in commerce since on or around December 13, 1996. Bryant has advertised his band, entered into many contracts, and has sold numerous CDs and songs under the Mark.

2. On information and belief, Van Waller ("Waller"), Ron Burris ("Burris"), Andre Adkins, Jerry Festejo, Michael McCoy, and Eddie Wroten (collectively as "Defendants") adopted the name Pocket Watch for the purposes of a musical group after Bryant already had ownership of the Mark.

3. On information and belief, all Defendants are performers in Defendants' band.

4. On information and belief, Burris is the leader of Defendants' band.

5. On information and belief, Burris and Waller are the booking agents for Defendants' band.

6. The name Defendants use for their musical group, Pocket Watch, is identical in sound to the Mark and is used for the same purpose Plaintiff rightfully uses the Mark. Although Pocket Watch differs from the Mark in that Pocket Watch has a space in between Pocket and Watch, this is not a considerable difference. In all other respects, Pocket Watch is identical to the Mark.

7. Defendants' group and Plaintiff's group both perform jazz music. Additionally, the performers in Defendants' group appear to be similar in age range to the performers in Bryant's group and the majority of the performers in both groups are black males.

8. On information and belief, Defendants have performed, entered into contracts,

Complaint for Trademark Infringement and Unfair Competition                                    2

promoted themselves, and distributed music under the mark Pocket Watch.

9. On information and belief, Defendants' use of Pocket Watch for the purposes of a musical group has caused and will continue to cause substantial confusion and damage to Plaintiff. Plaintiff has therefore filed this action to protect his rights.

**PARTIES**

10. Plaintiff Gerry Bryant is, and at all times relevant hereto was, an individual residing in Los Angeles, California.

11. Upon information and belief, defendant Van Waller is, and at all times relevant hereto was, an individual residing in Vallejo, California.

12. Upon information and belief, defendant Ron Burris is, and at all times relevant hereto was, an individual residing in Vallejo, California.

13. Upon information and belief, defendant Andre Adkins is, and at all times relevant hereto was, an individual residing in Vallejo, California.

14. Upon information and belief, defendant Jerry Festejo is, and at all times relevant hereto was, an individual residing in Vallejo, California.

15. Upon information and belief, defendant Michael McCoy is, and at all times relevant hereto was, an individual residing in Vallejo, California.

16. Upon information and belief, defendant Eddie Wroten is, and at all times relevant hereto was, an individual residing in Vallejo, California.

17. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously name defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

**JURISDICTION AND VENUE**

18. This is a complaint for Trademark Infringement and Unfair Competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition).

19. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

20. This Court has personal jurisdiction over the Defendants, all of whom, on information and belief, reside in the State of California. Additionally, on information and belief, Defendants have performed and advertised as Pocket Watch Band in the State of California, the events giving rise to the claims herein.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to the claims asserted herein occurred within this district and, on information and belief, all defendants reside within the state of California and one or more of the Defendants resides/reside in this district.

## FACTUAL BACKGROUND

22. Bryant first used the Mark as his band name on or around July 1, 1984 and first used the Mark in commerce on or around December 13, 1996. Bryant is the registered trademark owner of the Mark PocketWatch (United States Patent and Trademark Office, Registration No. 4,488,285).

23. From the time Bryant first used the Mark in commerce, Bryant has continuously used the Mark in commerce by distributing his CDs and songs through various media, including iTunes, CD Baby, Amazon, www.gerrybryant.com and www.pocketwatchmusic.com ("Bryant's Websites") and Bryant's Facebook page (www.facebook.com/gerrybryant).

24. Bryant posts videos on YouTube, Facebook, and Bryant's Websites featuring the Mark. Bryant has performed many concerts and entered into various contracts under the Mark.

25. On information and belief, after Bryant had exclusive rights to the Mark, Defendants began using Pocket Watch as the name of Defendants' musical group. On information and belief, Defendants performed concerts, promoted themselves, distributed music, and entered into contracts under the name Pocket Watch.

26. In 2015, Bryant discovered marketing materials advertising Defendants as the band Pocket Watch on vanwaller.com (the "Website") and on Facebook.

27. On October 25, 2015, Bryant emailed Burris a Cease and Desist Letter, *see* Exhibit

B, notifying Defendants that Bryant is the registered trademark owner of the Mark, POCKETWATCH.  Bryant notified Defendants that their use of POCKETWATCH for the purposes of a name of a musical group is an infringement of Bryant's rights and a violation of federal, state, and common law.  Bryant demanded that Defendants cease further unauthorized use of POCKETWATCH in connection with Defendants' musical performances, engagements, Internet websites, social media, and all other related activities. Bryant informed Defendants that if they failed to cease using POCKETWATCH Bryant would initiate legal action.

28.     On October 27, 2015, Burris emailed Bryant a response to Bryant's Cease and Desist Letter.  Burris stated that the group was no longer together and that his group was using a different name.  Thereafter, Defendants continued to use the name Pocket Watch even though Defendants had actual notice of Bryant's registration of the Mark.

29.     On November 17, 2015, Bryant emailed Burris stating that despite Burris's representation that the group was no longer together, the Website was still up.  Once again, Bryant notified Burris that if Defendants did not remove the website, Bryant would take legal action.  Burris did not respond to this email.

30.     On December 29, 2015, Bryant emailed Burris again.  Bryant stated that because Defendants' infringing Website was still up Bryant would be initiating legal action.

31.     On December 31, 2015, Burris left a voicemail message for Bryant stating that Defendants' band, Pocket Watch, no longer existed and Defendants were not trying to infringe. Burris also stated that he told Waller to remove it (referring to the use of Pocket Watch) from the Website and that Waller said he would do so that evening.  The infringing material was not removed from the Website.

32.     On February 10, 2016, Bryant emailed Burris and stated that after all of Burris' assurances the site was still up.  Bryant informed Burris that he would be serving Defendants shortly.

33.     On February 10, 2016 Burris responded to the aforementioned email from Bryant. Burris wrote, "I was assured by Waller that he would take this picture down."  Although there were multiple pictures with Pocket Watch as Defendants' band name and other infringing

material on the Website, Burris did not specify which picture he was referring to nor did he give any assurances regarding removing other infringing pictures and material. Burris gave Bryant Waller's contact information and told Bryant to contact Waller directly.

34. On February 15, 2016, Bryant emailed Waller informing Waller that Bryant had notified Burris that Defendants would be served with a lawsuit because Defendants had not removed the infringing material from the Website. Bryant demanded Waller to remove all references to Pocket Watch and cease using the name. As of the date of this filing, Waller has not yet responded to this email or communicated in any other manner with Bryant.

35. As of the date of this filing, Defendants have refused to cease and desist from infringing on Bryant's rights. On information and belief, Defendants have continued to promote, advertise, perform and distribute music under the name Pocket Watch.

36. Despite Bryant's numerous attempts to resolve this dispute informally, Defendants have not removed infringing materials from the Website. Defendants had actual notice of Bryant's rights as of October 25, 2015 yet the Website still contains a press kit (http://www.vanwaller.com/Elelctronic-Press-Kit-.html) with a Pocket Watch Poster Ad, a poster to promote upcoming Pocket Watch performances, a media photo, a band write-up, and a business card, *See* Exhibit C. All of these materials feature Pocket Watch as the band name and are available for downloading. There are also links to listen to Defendants' music under the name Pocket Watch. Additionally, the Website contains a Pocket Watch Band Agreement (a contract for performance services), *See* Exhibit D.

37. Defendants' use of the mark Pocket Watch is likely to cause confusion because Pocket Watch is identical in sound and nearly identical in appearance to the Mark. Furthermore, both Plaintiff's band and Defendants' band perform the same genre of music, the performers in both bands appear similar in age, and the majority of the performers in both groups are black males.

38. Defendants' use of the name Pocket Watch constitutes a willful and malicious violation of Plaintiff's trademark rights and is likely to cause consumer confusion.

## FIRST CAUSE OF ACTION

## (Infringement of Federally Registered Trademarks and Service Marks under 15 U.S.C. § 1114 (1)(a))

39. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40. Plaintiff is the registered owner of the Mark.

41. Plaintiff has not authorized any of the Defendants to use either the Mark or a similar mark.

42. Upon information and belief, Defendants market their services and distribute their music through the same channels of commerce as Plaintiff.

43. Upon information and belief, Defendants' direct, contributory and/or vicarious use of the Mark has caused, and is likely to cause, confusion, mistake and/or deception among consumers as to the source, quality and nature of Plaintiff's and/or Defendants' goods and services.

44. Plaintiff's Mark and Defendants' designation Pocket Watch are identical in sound and nearly identical in appearance, and leave the same commercial impression on consumers. The phonetic and visual similarities of the two marks and the fact that Plaintiff's and Defendants' musical groups both perform jazz music and the performers appear similar in ethnicity and age range increases the likelihood of consumer confusion.

45. By reason of all of the foregoing circumstances as described herein, Plaintiff has been, and now is, and unless the relief herein prayed for is granted, will hereafter be hindered, annoyed, and unlawfully interfered with by Defendant's use of the name Pocket Watch, and will be irreparably damaged and will suffer great and irreparable loss. Plaintiff cannot obtain relief except in this Court by injunction against future infringement.

## SECOND CAUSE OF ACTION

## (Unfair Competition under 15 U.S.C. § 1125(a))

46. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 45 above as though fully set forth herein.

47. Defendants have used a mark nearly identical to Plaintiff's Mark.

48. Plaintiff and Defendants are business competitors.

49. Due to the similarity between Plaintiff's and Defendants' products and services, the public is likely to conclude there is a connection between Plaintiff's products and services and those of Defendants.

50. Defendants' acts have caused Plaintiff to lose profits and caused damage to Plaintiff's reputation and goodwill. The precise amount of Plaintiff's damages is presently unknown but will be established according to proof.

51. On information and belief, as a result of Defendants' wrongful conduct, Defendants have gained revenues and profits.

52. By virtue of Defendants' actions herein above pleaded, Defendants have engaged in unfair competition with Plaintiff in violation of 15 U.S.C. § 1125(a).

53. Plaintiff has no adequate remedy at law for the injury that will be cause by Defendants' unfair competition. Therefore, Plaintiff is entitled to a permanent injunction restraining Defendants, their officers, agents, and employees and anyone acting in concert with Defendants from engaging in further acts of unfair competition against Plaintiff and Plaintiff's products and services.

54. On information and belief, Defendants committed the foregoing acts with the intention of depriving Plaintiff of his legal rights and committed the acts with a conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary damages according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a permanent injunction enjoining and restraining Defendants, their agents, employees, attorneys and all in acting under Defendants' control or in participation with Defendants from shipping, delivering, marketing, displaying, advertising, or promoting products or services in connection with the Mark alone or in any combination with other words or symbols, in any manner which causes or is likely to cause, consumers to believe that Defendants' products

Complaint for Trademark Infringement and Unfair Competition                                     8

or services has any connection with Plaintiff;

2. For Defendants' to be enjoined and required to deliver to Plaintiff all Defendants' infringing goods and all marketing, advertising or promotional materials depicting PocketWatch, Pocket Watch, or any mark deceptively similar to the Mark that would likely cause confusion;

3. For an accounting of all profits from Defendants' sales of infringing goods and services and an order that Defendants hold all such profits in a constructive trust for the benefit of the Plaintiff;

4. For Plaintiff to be awarded damages, according to proof, for the injuries Plaintiff has received from Defendants' infringing use of Plaintiffs' Mark;

5. For Plaintiff to be awarded threefold damages pursuant to the statutory provisions of 15 U.S.C. § 1117, as permitted by 15 U.S.C. § 1125(c).

6. For exemplary and multiple damages according to proof;

7. For prejudgment interest on all damages awarded by this Court;

8. For Plaintiff to be awarded its attorneys' fees in view of the extraordinary nature of this case;

9. For Plaintiff to have and recover Plaintiff's cost in this suit; and

10. For such other and further legal and equitable relief as the Court may deem just and proper.

DATED: 7 July 2016

GERALD C. BRYANT, ESQ.

By _____
Gerald C. Bryant
Attorney for Plaintiff

# EXHIBIT A

# United States of America
### United States Patent and Trademark Office

# POCKETWATCH

**Reg. No. 4,488,285**  BRYANT, GERALD C (UNITED STATES INDIVIDUAL)
9903 SANTA MONICA BLVD. #1007
**Registered Feb. 25, 2014**  BEVERLY HILLS, CA 90212

**Int. Cl.: 41**

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF LIVE VISUAL AND AUDIO PERFORMANCES, NAMELY, MUSICAL BAND, ROCK GROUP, GYMNASTIC, DANCE, AND BALLET PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

**SERVICE MARK**

FIRST USE 7-1-1984; IN COMMERCE 12-13-1996.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-014,483, FILED 7-18-2013.

MARK SPARACINO, EXAMINING ATTORNEY



Michelle K. Lee
Deputy Director of the United States
Patent and Trademark Office

# EXHIBIT B

-----Original Message-----
From: GeraldCBryantEsq@aol.com
Sent: Oct 25, 2015 9:14 PM
To: ronaldburris@earthlink.net, theemotivator@juno.com
Subject: Infringement of PocketWatch Trademark

Gentlemen:

I am an attorney and the owner of the trademark "POCKETWATCH" (United States Patent and Trademark Office Registration No. 4,488,285), and I have sole and exclusive authority over the use of the name in the music industry. Indeed, POCKETWATCH is a well-known Southern California based jazz band that has been performing and recording for many years. It has been brought to my attention that you have been using the name as the name of your musical group and have been performing under the name.

**While you may not have been aware of my ownership of the name, you are hereby notified and advised that your use of the name is unauthorized and illegal, and constitutes an infringement of my trademark rights, as well as a violation of federal, state, and common law. Please immediately cease all further unauthorized use of the name "POCKETWATCH" in connection with your musical performances, recordings, engagements, Internet web sites, social media, and all other related activities.**

Should you fail to discontinue your use of the name within ten (10) days from the date hereof, and provide me with documentation to my satisfaction that you have done so, I intend to immediately initiate legal action against you to protect my rights in and to the name, including seeking an injunction against any further illegal use, as well as statutory and compensatory damages and attorneys' fees. I trust that you will discontinue your use of the name without my having to resort to such legal measures.

Very truly yours,


**Gerald C. Bryant, Esq.**
9903 Santa Monica Blvd. #1007
Beverly Hills, CA 90212
310.301.2728
310.388.3126 fax

**CONFIDENTIALITY NOTICE**
This email (and/or documents accompanying it) may contain confidential information belonging to the sender that is protected by the attorney/client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this email in error, please notify us by telephone or reply email and delete and destroy all copies of the material, including copies stored in the recipient's computer, printed, or saved to disk.

# EXHIBIT C

**Elelctronic Press Kit**

## Electronic Press Kit / Media Kit







# Pocket Watch Videos

**Click on the Icons Below To See Pocket Watch Videos**

( Coming Soon! )

Van Waller
Empowerment Speaker / Author
TheeMotivator@juno.com
(707) 208 5955

Website Designed by Pocket Watch Band © 2016 at Homestead™ Create a Website and List Your Business

# Pocket Watch Band Agreement

**Ron Burris**
192 Mesa Verde Ave.
Vallejo CA, 94589
(707) 712-8267

**Van Waller**
(707) 208-5955
TheeMotivator@Juno.com
PocketWatchBand.net

## Location: (Section A)
### Your Organization / Venue's Name & Information:

**PLEASE PRINT**

| | | | |
|---|---|---|---|
| Organization: | Phone # ( ) | Fax # ( ) | |
| Address: | City | State | Zip |
| Contact Person: | Phone # ( ) | | |
| E-mail: | Web Site | | |

### Location of Performance if Different from above Address:

| | | | |
|---|---|---|---|
| Name of Venue: | | | |
| Address: | City | State | Zip |
| Office Phone # ( ) | Fax # ( ) | | |
| Contact Person: | Phone # ( ) | | |

### What is the Purpose of this Performance?

### Performance Date & Time:

| | |
|---|---|
| Date(s) Band Will Play: | Day(s) Band Will Play: |
| Time Band Will Begin Playing: | Time Band Will Stop Playing: |

### Organization / Venue Agrees to Abide by the Following:

### Fee: (Section B)

A non-refundable retainer of $100.00 of total fee is required to secure our presence at your event on the date(s) above. Return this signed Agreement along with your deposit. Receipt of your deposit confirms this agreement.

| Band Fee: $ | Deposit: $ | Remaining Balance Due Date of Event: $ |
|---|---|---|

**Recording:** No part of our performance may be recorded or otherwise duplicated either by audio, video, or any other means without the express, written permission of Pocket Watch Band, it's agents or representatives. However, special arrangements can be made to record, with permission.

**Deposit:** Receipt of your deposit of $_____ is confirmation of our agreement, and secures our presence on the date or dates stated above in the box titled "Date(s) of Performance". (Your deposit is non-refundable should client / sponsoring agency cancel for any reason after deposit is received) If Pocket Watch must cancel for any reason – your deposit will either be returned in full, or a comparable / suitable Band will be provided, adhering to all the above arrangements.

**Balance:** The balance / remainder of the band's fee of $_____ is due the day of your event. All payments should be made payable directly to Ronald Burris. You will either be given or e-mailed a receipt for your records, after your payment is received.

**Travel:** All reasonable and customary travel expenses including coach airfare, ground transportation and all out of pocket expenses related to your event, will be paid by client / sponsoring agency. Client will make and pay for all travel arrangements when flying to venue.

**Our Needs:** At least 2, 3-prong grounded electrical outlets, a 30x50 ft. *(or more)* space for adequate set up / A 15 minute break every 45 minutes, 1 meal for each band member if meal or other food is provided for your guests. At least two (2) hours of stage time in advance of your event, for set up and sound check, etc... Band will not be asked to pay in order to enter a venue we are performing at.

\* **Addendum:**

### Travel Details: (Section C)
*(Please Attach a Letter of Confirmation including directions, travel arrangements, and any other Detailed Information We Will Need 30 days Before Your Event if Applicable)*

(Please Retain a Copy of this Agreement for your Records)

**Representative / Host's Signature:** _____   **Today's Date:** _____