1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD C. BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VAN WALLER & RON BURRIS,<br><br>　　　　　Defendants. | No.  2:16-cv-1661-WBS-KJN<br><br><br>ORDER |

Plaintiff Gerald Bryant, a licensed attorney who represents himself, commenced this action for trademark infringement and unfair competition on July 19, 2016.  (ECF No. 1.)  On November 22, 2016, plaintiff voluntarily dismissed some of the defendants, and the action now proceeds as to defendants Van Waller and Ron Burris only.  (ECF No. 10.)  In short, plaintiff alleges that he is the registered trademark owner of the trademark "POCKETWATCH," which plaintiff has used in commerce in connection with his performing musical group PocketWatch.  According to plaintiff, defendants Waller and Burris infringed plaintiff's trademark by using the name "Pocket Watch" for purposes of defendants' own musical group after plaintiff already had ownership of the trademark.  (ECF No. 1.)

　　On November 23, 2016, the Clerk entered defendants' default, and on January 28, 2017, plaintiff filed a motion for default judgment.  (ECF No. 14.)  Plaintiff's motion sought only injunctive relief and an award of $831.75 in costs.  (ECF Nos. 14, 20.)  Defendants failed to file a

1

1  timely opposition to that motion.

2  However, on March 6, 2017, defendant Ron Burris, proceeding without counsel, filed an
3  "answer" to the complaint, which the court liberally construes as an opposition to the motion for
4  default judgment and a motion to set aside the Clerk's entry of default. (ECF No. 21.) In that
5  filing, defendant Burris disputes some of plaintiff's factual contentions, but also represents that
6  defendants' musical group, "Pocket Watch" had ceased to exist on December 23, 2014. (Id. at 2.)
7  He further states:

> It is true that there was a picture and a Contract on our old website, after the band had disbanded, but this was not intentional. Because of personal issues and technical difficulties, Van Waller was not able to completely dismantle our website until January 15, 2016. However, during the periods between Pocket Watch being disbanded as a musical group (12/23/14), and our website being fully dismantled; we did not perform any music jobs or receive any offers to perform music under the name Pocket Watch.

(Id. at 3.) Moreover, he represents that "Ron Burris and Van Waller do assert that we do not intend, now, or in the future, to use the name Pocket Watch for any reason." (Id.)[1]

Although the court makes no factual or legal determinations at this juncture, it appears that defendants Ron Burris and Van Waller may be willing to stipulate to the injunctive relief requested by plaintiff in his motion for default judgment. Given that suggestion, and the relatively small amount of costs involved, the court defers ruling on the pending motions and finds it appropriate to require the parties to meet and confer regarding a potential informal settlement of this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall promptly meet and confer to discuss a potential informal settlement of this matter.

2. No later than April 6, 2017, the parties shall file a joint status report addressing the

---

[1] In his filing, defendant Burris at times purports to represent himself and defendant Waller. Defendant Burris is cautioned that pro se litigants are only permitted to represent themselves in federal court. Unless defendant Burris is an attorney who has been retained by defendant Waller for purposes of this action, he is not authorized to represent defendant Waller in this court. Thus, defendant Waller himself must also sign any future filings made on his behalf.

2

following matters: (a) whether or not the parties have settled the matter; (b) if the parties have settled the matter, a proposed deadline for filing a stipulated judgment signed by all parties (plaintiff, defendant Ron Burris, and defendant Van Waller) for the court's consideration; (c) if they have not settled the matter, whether the scheduling of a settlement conference would be beneficial; and (d) if the parties believe that further informal settlement discussions or a settlement conference would not be beneficial, whether plaintiff stipulates to setting aside the Clerk's entry of default and proceeding to litigation on the merits.

IT IS SO ORDERED.

Dated: March 15, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE