Gerald C. Bryant (State Bar No. 107043)
GeraldCBryantEsq@aol.com
9903 Santa Monica Blvd. #1007
Beverly Hills, 90212
Telephone: (310) 301-2728
Fax: (310) 388-3126

Attorney for Plaintiff
Gerald C. Bryant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD C. BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>VAN WALLER, an individual; RON BURRIS, an individual; ANDRE ADKINS, an individual; JERRY FESTEJO, an individual; MICHAEL MCCOY, an individual; EDDIE WROTEN, an individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:16-cv-01661-WBS-KJN<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Courtroom: Courtroom 25, 8th Floor<br>Judge: Honorable Kendall J. Newman |

Gerald C. Bryant ("Plaintiff"), and Defendants Van Waller and Ron Burris (collectively, "Defendants") having stipulated and consented to the entry of this Final Judgment and Permanent Injunction, without the taking of proof and without trial or adjudication of any fact or law herein, and the Court having considered the matter and good cause appearing.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Plaintiff is, and was at all times during Defendants' use of the name Pocket Watch for their musical group, the lawful trademark owner of the mark, PocketWatch, for the purposes of the name of a musical group.

2. Defendants infringed on Plaintiff's mark, but the infringement was without malice.

3. Defendants, their agents, employees, attorneys and all individuals or entities acting under Defendants' control or in participation with Defendants are hereby permanently enjoined from shipping, delivering, marketing, displaying, advertising, or promoting products or services in connection with Plaintiff's mark alone or in any combination with other words or symbols, in any manner which causes or is likely to cause, consumers to believe that Defendants' products or services has any connection with Plaintiff.  Further, Defendants are required to deliver to Plaintiff all of Defendants' existing goods or marketing, advertising or promotional materials, if any, depicting PocketWatch, Pocket Watch, or any mark deceptively similar to Plaintiff's mark that would likely cause confusion.

4. This permanent injunction shall bind Defendants, their agents, employees, attorneys, and all individuals or entities acting under Defendants' control or in participation with Defendants, who receive actual notice of this Permanent Injunction.

5. This Court shall retain jurisdiction for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for further orders and directions that may be necessary or appropriate for the construction or the carrying out of the Final Judgment, for the modification of any injunctive provisions thereof, the enforcement of compliance therewith, and for the punishment for violations of this Final Judgment.

6. Plaintiff and Defendants shall each bear their own costs and attorneys' fees related to this lawsuit and for the preparation of this Final Judgment.  In the event it is necessary to bring

an action or proceeding to enforce this Final Judgment, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

The Clerk is ordered to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

Dated:  April 5, 2017

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE